UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHEE HONG LAM,

    Petitioner,

        v.                            CAUSE NO. 3:26-CV-480-CCB-SJF

BRIAN ENGLISH,

    Respondent.

## OPINION AND ORDER

Immigration detainee Chee Hong Lam, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The Warden has answered the petition, and Lam has replied. ECF 7, ECF 11. The petition is ready to be decided.

## BACKGROUND

Lam is a citizen of China who entered the United States without inspection in 2000. In 2011, he was convicted of access device fraud and sentenced to 57 months' imprisonment, which led to removal proceedings being instituted against him. ECF 7-1 at 2-4. He was issued a Notice to Appear on July 15, 2013, charging him with being removable under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for committing a crime of moral turpitude and under 8 U.S.C. § 1182(a)(6)(A)(i), for being present in the United States without being admitted or paroled. *Id.* at 2-4. He was ordered removed to the People's Republic of China on August 27, 2013. *Id.* at 5. He reserved his right to appeal but did not file one.

*Id.* Upon his release from his criminal sentence, he was taken into the custody of Immigration and Customs Enforcement (ICE) on June 13, 2015, where he remained for six months until he was released on supervision.

Following his release from ICE detention, Lam was convicted of possession of stolen property in 2019, trespassing in 2022 and 2023, and burglary in 2023. ECF 7-1 at 13. While incarcerated on criminal charges, ICE lodged a detainer against him and took him into custody upon release from his criminal sentence in June 2024. *Id.* at 12, 18-19.

Lam filed this habeas petition in April 2026, alleging that his continued detention, then exceeding 21 months, was unreasonable because his removal was not reasonably foreseeable. He argued his removal was not reasonably foreseeable because ICE had not provided him with any information regarding efforts to obtain a travel document from China. He further said no progress toward a travel document had been made, and no third country had been identified for his removal.

In answering the petition, the Warden provided a declaration from a deportation officer, detailing the steps that have been taken to effectuate Lam's removal.  ECF 7-2. First, a travel document request was submitted to the government of the People's Republic of China around August 27, 2024. Then, around November 13, 2025, ICE ERO submitted Lam's biographic details to the Department of State for third-country removal options. Finally, around April 28, 2026, ICE ERO submitted a request for Canada to accept Lam, which remained pending as of May 5, 2026, when the declaration was signed.

2

In reply, Lam focuses on the fact that the travel document request to China has been pending for about two years with no response. He asserts that twice—in October and November 2024–ICE attempted unsuccessfully to board him on commercial flights to China without travel documents. He argues this demonstrates that his removal is not reasonably foreseeable.

### SUBJECT MATTER JURISDICTION

The respondent first argues that the court lacks subject matter jurisdiction over Lam's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

### MERITS

Regarding the merits of the petition, the respondent first argues that Lam's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for Lam ended in 2015, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See*

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B). For Lam, his removal period would have begun in 2015 when he was released from criminal confinement.

*Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Lam has been in detention for longer than six months, the court turns to the analysis under *Zadvydas*.

Lam has provided good reason to believe his removal is not reasonably foreseeable with the combination of the previous unsuccessful attempts to remove him to China and the lack of a response for more than a year to the current request for travel documents from China. However, the government has rebutted that showing with the more recent activity to find a third country for his removal. This is a close case because Lam has been detained for more than two years now, which means the government has

4

a higher burden to show the foreseeability of removal. But given that the request to Canada has been pending for just about two months now, the court will defer to the government's assessment of foreseeability. *Zadvydas* explicitly contemplates that administrative delay in processing travel requests is to be expected. So, for now, Lam's detention remains authorized under § 1231(a)(6).

As a final matter, the court observes that "for detention to remain reasonable, as the period of prior postremoval [order] confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). While Lam may not be entitled to habeas relief now, it does not prevent him from seeking habeas relief at some later date if the government continues to detain him for a significant period of time.

For these reasons, the court **DENIES** the habeas petition (ECF 1) and **DIRECTS** the clerk to close this case.

SO ORDERED on July 9, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

5